1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KAREN HUNT,                                  No. 2:15-cv-0509 DB

12              Plaintiff,

13        v.                                       ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment.[1]  For the reasons explained below, plaintiff's motion is

20   granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security

21   ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with

22   this order.

23                              PROCEDURAL BACKGROUND

24        On September 20, 2011, plaintiff filed an application for Supplemental Security Income

25   ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on

26   October 1, 2007.  (Transcript ("Tr.") at 11, 163-72.)  Plaintiff's application was denied initially,

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
     to 28 U.S.C. § 636(c).  (See ECF Nos. 6 & 8.)

1    (id. at 107-10), and upon reconsideration.  (Id. at 120-25.)

2              Thereafter, plaintiff requested a hearing which was held before an Administrative Law

3    Judge ("ALJ") on March 20, 2013.  (Id. at 53-75.)  Plaintiff was represented by an attorney and

4    testified at the administrative hearing.  (Id. at 53-54.)  In a decision issued on June 7, 2013, the

5    ALJ found that plaintiff was not disabled.  (Id. at 24.)  The ALJ entered the following findings:

6              1.   The claimant has not engaged in substantial gainful activity
7              since September 20, 2011, the application date (20 CFR 416.971 *et
               seq*.).

8              2.   The claimant has the following severe impairments: reflex
9              sympathetic dystrophy of the left lower extremity, fibromyalgia,
               lumbar and cervical degenerative disc disease, chronic fatigue
10             syndrome, migraine/headaches and depression (20 CFR
               416.920(c)).

11             3.   The claimant does not have an impairment or combination of
12             impairments that meets or medically equals the severity of one of
               the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
13             (20 CFR 416.920(d), 416.925 and 416.926).

14             4.   After careful consideration of the entire record, the undersigned
               finds that the claimant has the residual functional capacity to
15             perform light work as defined in 20 CFR 416.967(b) except the
               claimant can perform simple unskilled work.

16             5.   The claimant has no past relevant work (20 CFR 416.965).

17             6.   The claimant was born on August 20, 1959 and was 52 years
18             old, which is defined as an individual closely approaching advanced
               age, on the date the application was filed (20 CFR 416.963).

19             7.   The claimant has at least a high school education and is able to
20             communicate in English (20 CFR 416.964).

21             8.   Transferability of job skills is not an issue because the claimant
               does not have past relevant work (20 CFR 416.968).

22             9.   Considering the claimant's age, education, work experience,
23             and residual functional capacity, there are jobs that exist in
               significant numbers in the national economy that the claimant can
               perform  (20 CFR 416.969 and 416.969(a)).
24
               10.  The claimant has not been under a disability, as defined in the
25             Social Security Act, since September 20, 2011, the date the
               application was filed (20 CFR 416.920(g)).
26

27    (Id. at 13-24.)

28    /////

On January 6, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's June 7, 2013 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 6, 2015.  (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

////

3

1
2

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

3  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

4       The claimant bears the burden of proof in the first four steps of the sequential evaluation

5  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

6  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

7  1098 (9th Cir. 1999).

8                                    APPLICATION

9       In her pending motion plaintiff asserts the following five principal claims: (1) the ALJ

10  erred at step two of the sequential evaluation; (2) the ALJ's treatment of the medical opinion

11  evidence constituted error; (3) the ALJ's treatment of plaintiff's subjective testimony and the lay

12  witness testimony constituted error; (4) the ALJ erred by failing to obtain the testimony of a

13  Vocational Expert; and (5) plaintiff meets or equals a Listing Impairment.[2]  (Pl.'s MSJ (ECF No.

14  14) at 25-45.[3])

15  **I.      Step Two Evaulation**

16       At step two of the sequential evaluation, the ALJ must determine if the claimant has a

17  medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273,

18  1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations

19  provide that "[a]n impairment or combination of impairments is not severe if it does not

20  significantly limit [the claimant's] physical or mental ability to do basic work activities."  20

21  C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes

22  necessary to do most jobs," and those abilities and aptitudes include:  (1) physical functions such

23  as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking;

24  (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5)

25

26  [2]  Although plaintiff's motion for summary judgment asserts six separate claims, two of those claims concern the ALJ's treatment of the medical opinion evidence.

27

28  [3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing

2   with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

3       The Supreme Court has recognized that the Commissioner's "severity regulation increases

4   the efficiency and reliability of the evaluation process by identifying at an early stage those

5   claimants whose medical impairments are so slight that it is unlikely they would be found to be

6   disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S.

7   at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158

8   (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not

9   severe only if the evidence establishes a slight abnormality that has no more than a minimal effect

10  on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and

11  citation omitted).

12      "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination

13  of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v.

14  Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see

15  also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two

16  burden where "none of the medical opinions included a finding of impairment, a diagnosis, or

17  objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of

18  groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also

19  Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis

20  standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal.

21  Feb.11, 2008) (describing claimant's burden at step two as "low").

22      Here, in her brief to the ALJ, plaintiff alleged that her severe impairments included reflex

23  sympathetic dystrophy of the left lower extremity, fibromyalgia, lumbar and cervical degenerative

24  disc disease, chronic fatigue syndrome, migraine/headaches, depression, neuropathy,

25  osteoarthritis of the hands and knees, diffuse idiopathic skeletal hyperostosis, obesity, and

26  tinnitus.  (Tr. at 279.)  The ALJ's decision found that plaintiff's "reflex sympathetic dystrophy of

27  the left lower extremity, fibromyalgia, lumbar and cervical degenerative disc disease, chronic

28  fatigue syndrome, migraine/headaches, and depression" were severe impairments.  (Id. at 13.)

The ALJ's decision, however, failed to discuss plaintiff's alleged impairments of neuropathy, osteoarthritis of the hands and knees, diffuse idiopathic skeletal hyperostosis, obesity, and tinnitus at any step in the sequential evaluation, despite the presence of some supporting evidence.  (See Tr. at 395, 549, 558, 560, 622.)  Such a failure constitutes harmful error.  See Philips v. Colvin, No. 1:12-cv-1772 JLT, 2014 WL 791478, at *7 (E.D. Cal. Feb. 24, 2014) ("the ALJ erred by failing to identify and evaluate the conditions and its symptoms in combination at Step Two, or consider any limitations at Step Four"); see also Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) ("In determining whether a claimant's obesity is a severe impairment, an ALJ must do an individualized assessment of the impact of obesity on an individual's functioning."); cf. Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the analysis").

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ erred at step two of the sequential evaluation.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[4]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

---

[4]  "In light of the remand required by the ALJ's error at step two of the sequential evaluation, the court need not address plaintiff's remaining claims."  Meinecke v. Colvin, No. 2:14-cv-2210 AC (TEMP), 2016 WL 995515, at *4 (E.D. Cal. Mar. 14, 2016); see also Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

6

1  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the

2  "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

3  the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

4  the meaning of the Social Security Act."  Id. at 1021; see also *Dominguez v. Colvin*, 808 F.3d

5  403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

6  proceedings would serve no useful purpose, it may not remand with a direction to provide

7  benefits."); *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir.

8  2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the

9  proper approach is to remand the case to the agency.").

10       Here, the court cannot find that further administrative proceedings would serve no useful

11  purpose.  This matter will, therefore, be remanded for further proceedings.

12       Accordingly, IT IS HEREBY ORDERED that:

13      1.  Plaintiff's motion for summary judgment (ECF No. 14) is granted;

14      2.  Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

15      3.  The Commissioner's decision is reversed; and

16      4.  This matter is remanded for further proceedings consistent with this order.

17  Dated:  January 11, 2017

20  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

24  DLB:6
25  DLB1\orders.soc sec\hunt0509.ord