PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL, CSBN 230138
Regional Chief Counsel, Region IX
Social Security Administration
DONNA W. ANDERSON, PSBN 46355
Special Assistant United States Attorney
Assistant Regional Counsel
  Social Security Administration, Region IX
  160 Spear Street, Suite 800
  San Francisco, California 94105
Tel: (415) 977-8943
Fax: (415) 744-0134
E-mail: donna.w.anderson@ssa.gov

Attorneys for Defendant[1]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| KAREN HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:15-cv-0509-DB<br><br>STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)<br><br>28 U.S.C. § 2412(d) |

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND DOLLARS

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

($5,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of FIVE THOUSAND DOLLARS ($5,000.00) in EAJA attorney fees shall constitute a complete release from, and bar to, any and all claims that Plaintiff Karen Hunt and Plaintiff's attorney may have relating to EAJA attorney fees in connection with this action.

//
//
//
//
//
//

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provision of the EAJA.

Respectfully submitted,

Dated: April 12, 2017 /s/ Wade Askew*
WADE ASKEW
Attorney for Plaintiff Karen Hunt
(*By email authorization on 04/11/17)

Dated: April 12, 2017 PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: /s/ Donna W. Anderson
DONNA W. ANDERSON
Special Assistant U.S. Attorney
Attorneys for Defendant

## **ORDER**

Pursuant to the parties' stipulation, (ECF No. 24), IT IS SO ORDERED.

DATED: April 12, 2017 /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE